FILED
United States Court of Appeals
Tenth Circuit

August 3, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ALONSO GRADO, a/k/a Lonsie,

    Defendant - Appellant.

No. 20-2009
(D.C. No. 2:18-CR-01254-RB-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **BACHARACH** and **CARSON**, Circuit Judges.
_____

Alonso Grado pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, distribution of methamphetamine, and use of a communication facility to further the commission of a drug trafficking crime. He was sentenced to serve 180 months in prison. Although his plea agreement contained a waiver of his appellate rights, he filed a notice of appeal. The government has moved to enforce the appeal waiver in the plea agreement pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325. The government asserts that all of the *Hahn* conditions have been satisfied because: (1) Mr. Grado's appeal is within the scope of the appeal waiver; (2) he knowingly and voluntarily waived his appellate rights; and (3) enforcing the waiver would not result in a miscarriage of justice.

In response to the government's motion, Mr. Grado concedes his appeal waiver is enforceable under the standard set forth in *Hahn*. Based on this concession and our independent review of the record, we grant the government's motion to enforce the appeal waiver and dismiss the appeal. This dismissal does not affect Mr. Grado's right to pursue post-conviction relief on the grounds permitted in his plea agreement.

Entered for the Court
Per Curiam